**UNITED STATES of America,**

v.

**Christopher ROSS, Appellant.**

No. 08–3219.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 29, 2009.

Filed: Oct. 29, 2009.

Frederick E. Martin, Esq., Office of United States Attorney, Williamsport, PA, for United States of America.

Stephen C. Smith, Esq., Lock Haven, PA, pro se.

Before: SLOVITER, FUENTES and HARDIMAN, Circuit Judges.

OPINION OF THE COURT

HARDIMAN, Circuit Judge.

Christopher Ross appeals the District Court's grant of the Government's motion for an upward departure, and its imposition of an above-Guidelines sentence of 105 months imprisonment. For the reasons that follow, we will affirm.

I.

Because we write for the parties, we recount only those facts necessary to our decision.

Ross pleaded guilty to one count of causing interstate travel to occur in connection with an unlawful act—specifically heroin distribution—in violation of 18 U.S.C. § 1952(a)(3); and one count of conspiracy to introduce contraband into a prison, in violation of 18 U.S.C. § 2113(a). As part

of his guilty plea, Ross agreed that "[s]ome quantity of the heroin in question was distributed to inmate Jeremy Lyons who subsequently died from a heroin overdose." The presentence report (PSR) calculated Ross's offense level to be 14, and his criminal history category to be VI, resulting in an advisory Guidelines imprisonment range of 37 to 46 months. The Government then filed a motion for an upward departure pursuant to § 5K2.1 of the United States Sentencing Guidelines (USSG), which states that "[i]f death resulted, the court may increase the sentence above the authorized guidelines range." The District Court granted this motion, relying on USSG § 5K2.0, USSG § 5K2.1, and *United States v. Robinson,* 167 F.3d 824 (3d Cir.1999).

## II.

We exercise plenary review over a district court's decision to grant an upward departure, and review the reasonableness of the degree of departure for abuse of discretion. *United States v. Yeaman,* 194 F.3d 442, 456 (3d Cir.1999).

### A.

Under USSG § 5K2.0, upward departures are appropriate in

circumstances that the Commission may have not adequately taken into consideration in determining the applicable guideline range. . . . If any such circumstance is present in the case and has not adequately been taken into consideration in determining the applicable guideline range, a departure consistent with 18 U.S.C. § 3553(b) and the provisions of this subpart may be warranted.

One of the circumstances identified in § 5K2.0 that would warrant a departure is the death of an individual, which is addressed in § 5K2.1 as follows:

If death resulted, the court may increase the sentence above the authorized guideline range. . . . The sentencing judge must give consideration to matters that would normally distinguish among levels of homicide, such as the defendant's state of mind and the degree of planning or preparation. Other appropriate factors are whether multiple deaths resulted, and the means by which life was taken. The extent of the increase should depend on the dangerousness of the defendant's conduct, the extent to which death or serious injury was intended or knowingly risked, and the extent to which the offense level for the offense of conviction, as determined by the other Chapter Two guidelines, already reflects the risk of personal injury. For example, a substantial increase may be appropriate if the death was intended or knowingly risked or if the underlying offense was one for which base offense levels do not reflect an allowance for the risk of personal injury, such as fraud.

Pursuant to the Guidelines sections quoted above, district courts have discretion to grant upward departures when death results from the underlying crime. In *Robinson,* we explained a district court's ability to grant an upward departure, stating: "It is obvious that Congress intended ... that the 20–year mandatory minimum would apply if death or serious bodily injury resulted from the use of the substance without regard for common law proximate cause concepts." *Robinson,* 167 F.3d at 831.

Here, Ross admitted in his plea agreement that his conduct caused Lyons's death. That admission is all USSG §§ 5K2.0 and 5K2.1 require to permit the upward departure. Furthermore, our precedent in *Robinson* shows that the Government need not prove proximate cause

in order for the upward departure to apply, so long as a causal connection is shown. Therefore, we hold that the District Court did not commit legal error when it granted the Government's upward departure motion.

### B.

Next, we must consider whether the extent of the District Court's upward departure was reasonable. We have stated that when determining the reasonableness of the extent of a departure, sentencing courts should look to analogous sentencing Guideline provisions. *United States v. Baird,* 109 F.3d 856, 872 (3d Cir.1997).

■ Ross pleaded guilty to causing interstate travel in aid of an unlawful act. His base offense was 12 because the underlying substantive offense was distributing less than 5 grams of heroin. USSG § 2D1.1(c)(14). A person found to have distributed less than 5 grams of heroin which results in the death of an individual would receive a base offense level of 38. USSG § 2D1.1(a)(2). The difference between these two offenses is 26 levels. Although Ross was not convicted of distributing heroin under 21 U.S.C. § 841, the Guidelines suggest that an offense level of 38 should be used on these facts. Additionally, under the Guidelines, a substantial upward departure is warranted because the Guideline range for the crime to which Ross pleaded guilty—causing interstate travel in aid of an unlawful act—does not account for the risk of personal injury. *See* USSG § 5K2.1.

The District Court found that a departure of 26 levels would be "extreme and unwarranted." The total statutory maximum for the two offenses to which Ross pleaded guilty was 10 years. In deciding to apply an 8–level enhancement, the District Court relied on an analogous case in which the Court of Appeals for the Fifth Circuit affirmed an 8–level enhancement. *See United States v. Ihegworo,* 959 F.2d 26, 28 (5th Cir.1992). Therefore, the District Court did not err when it imposed an 8–level upward departure.

### C.

■ Ross also argues that his sentence is unreasonable under § 3553(a) because he received 105 months imprisonment while his co-defendant, Mark Brown, received a sentence of only 37 months imprisonment. Section 3553(a)(6) requires a sentencing judge to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Ross argues that his sentence is unreasonable because it is almost three times longer than Brown's sentence despite the fact they pleaded guilty to similar conduct. Our review of the record leads us to conclude that Ross's premise is flawed; he and Brown were neither convicted of similar behavior nor similarly situated. First, Ross was the coordinator of the conspiracy. Brown was paid a fee of only $200 for his efforts, whereas Ross kept the remaining profits. Second, Brown did not sell any heroin to Lyons, whereas Ross admitted to selling Lyons the heroin that caused his death. Finally, and perhaps most significantly, Brown received a downward departure for his substantial assistance to the Government, a departure to which Ross was not entitled. For these reasons, we find nothing unreasonable in the District Court's judgment that Ross should be sanctioned more harshly than his co-Defendant.

### III.

For the aforementioned reasons, we will affirm the judgment of the District Court.